# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOAN AUFDERHEIDE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:23-CV-1026 NCC |
| | ) |
| DENISE HACKER, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons discussed below, petitioner will be ordered to file an amended petition on a Court form. She will also be directed to either file a motion for leave to proceed in forma pauperis or pay the $5.00 filing fee.

## Discussion

Petitioner is a self-represented litigant who is currently in custody at the Southeast Missouri Mental Health Center in Farmington, Missouri. On August 17, 2023, she filed a petition for writ of habeas corpus on a court-provided form brought pursuant to 28 U.S.C. § 2254.

In her application for writ of habeas corpus, petitioner asserts that she is litigating her 1998 conviction and sentence for tampering. However, in direct contravention of her assertion, petitioner then states that she did not receive a sentence for her criminal claims, but she instead pled Not Guilty by Reason of Insanity (NGRI). Petitioner has not cited to the criminal case or indicated the state court docket number in her petition relating to the alleged NGRI action.

Due to the assertions within the petition, it is difficult for the Court to decipher petitioner's arguments and how they purportedly relate to an action under 28 U.S.C. § 2254. Consequently,

the Court is not confident whether the instant filing is petitioner's attempt to file a new petition for habeas corpus or if her intention is to file a motion for reconsideration or an appeal in one of her previously closed cases.[1]

Additionally, the instant application for writ of habeas corpus is missing relevant procedural information about petitioner's case. It is unclear what state case she is attempting to challenge and the appropriate grounds for challenging the action. Furthermore, if indeed petitioner is attempting to challenge a 1998 conviction, she has not indicated why she believes her habeas action to be timely.

As such, the Court will direct the Clerk of Court to send to petitioner a copy of the Court's 28 U.S.C. § 2254 form. If petitioner is intending to file a new petition for habeas corpus, she must fill out the form in its entirety and return it to the Court. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Petitioner should not include any exhibits or attachments to the Court's 28 U.S.C. § 2254 form.

Petitioner is advised that in filling out her § 2254 form, s*he must make clear the conviction she is challenging*. If petitioner is seeking conditional or unconditional release from confinement pursuant to Mo. Rev. Stat. § 552.040, she must demonstrate that she has exhausted her state court remedies before filing this action. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996) (stating that a petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief). "To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that

---

[1]Petitioner has previously brought three mixed 42 U.S.C. § 1983 and habeas corpus petitions in this Court. *See Aufderheide v. Fulton State Hospital,* No. 4:11-CV-940 TCM (E.D.Mo.2011); *Aufderheide v. Hacker*, No. 4:22-CV-627 (E.D.Mo.2022); and *Aufderheide v. Department of Mental Health*, No. 4:22-CV-1350 MTS (E.D.Mo. 2023).

application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).

If petitioner is asserting claims relative to the conditions of her confinement at Southeast Missouri Mental Health Center in Farmington, Missouri, those claims are more appropriately brought pursuant to 42 U.S.C. § 1983 in a separate action. The Court will instruct the Clerk to provide petitioner a court-form for filing a Prisoner Civil Rights Complaint in this Court.

Petitioner will be given twenty-one (21) days in which to comply with the Court's Order. Failure to submit an amended petition on a Court within **twenty-one (21) days** will result in the dismissal of this action without prejudice and without further notice.

The Court notes that petitioner has also failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis. The Court will direct the Clerk of Court to send to petitioner a copy of the Court's motion to proceed in forma pauperis form. Petitioner will be given **twenty-one (21) days** in which to return the form or pay the filing fee. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that petitioner must file an amended 28 U.S.C. § 2254 petition within **twenty-one (21) days** of the date of this order. The amended petition ***should not include any exhibits or supplements.***

**IT IS FURTHER ORDERED** that within the amended petition, petitioner shall set forth her efforts at exhausting his administrative remedies in state court.

3

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that petitioner shall either submit a motion for leave to proceed in forma pauperis or pay the $5 filing fee within **twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner wishes to pursue claims relative to the conditions of her confinement at Southeast Missouri Mental Health Center in Farmington, Missouri, she must file a separate complaint on a Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a court-provided form for filing a Prisoner Civil Rights Complaint, as well as an accompanying motion to proceed in forma pauperis for prisoner actions.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 21st day of August, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE