**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOAN AUFDERHEIDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1026 NCC |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| Respondent. | ) | |

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court upon petitioner's amended application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [ECF No. 5]. The Court has reviewed the application for writ and finds that it should be summarily dismissed.

**Procedural Background**

Petitioner Joan Aufderheide is a self-represented litigant who is currently detained at the Southeast Missouri Mental Health Center in Farmington, Missouri. On August 17, 2023, she filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [ECF No. 1]. However, when this Court reviewed her claims,[1] it was difficult to decipher petitioner's claims and how they related to action under § 2254. [ECF No. 3]. Therefore, petitioner was ordered to amend her petition on a court-provided form. *Id.* at ECF No. 3. Petitioner was ordered to fill out the court-provided form in its entirety, and clearly indicate the conviction she was challenging. Additionally, to the extent petitioner was seeking conditional or unconditional release from confinement pursuant to Mo.Rev.Stat. § 552.040, she was directed to demonstrate her exhaustion to state court remedies. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th

---

[1]Petitioner filed a motion to proceed in forma pauperis on September 1, 2023. [ECF No. 6]. Her motion will be granted.

Cir. 1996) (stating that a petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust state court remedies before pursuing federal habeas relief). Plaintiff was given twenty-one (21) days to amend her petition on a court-provided form.

On September 1, 2023, petitioner filed her amended petition in this Court. [ECF No. 5]. In her amended petition, petitioner states that in June of 1999, she pled not guilty by reason of mental disease or defect to the crime of tampering in Audrain County, Missouri. She indicates that she was placed in the Southeast Missouri Mental Health Center in Farmington, Missouri in March of 2022. Petitioner claims she has previously attempted release from civil detainment by P&A and the hospital grievance system.

Petitioner alleges that she was given conditional release in 2005, and again in 2015. However, she was again made a civil detainee in March of 2022. Petitioner seeks discharge from the facility on conditional or unconditional release.

### State Court Criminal History

For ease of reference, the Court has reviewed Missouri.Case.Net to discern petitioner's criminal history as well as petitioner's conditional release history.[2] The only documents the Court was able to find relative to petitioner were in a 2022 Rule 91 habeas action filed in St. Francois County, Missouri. *See Aufderheid v. Inman*, No. 22SF-CC00212 (24th Jud. Cir., St. Francois County). In that case, petitioner filed a writ of habeas corpus seeking unconditional release from Southeast Missouri Mental Health Center on November 15, 2022. The Court denied her request on December 12, 2022, finding that because she was originally committed in Audrain County, Missouri, she had to file her application for release in Audrain County. The Court has been unable

---

[2]Case.net is Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

to find any additional filings by petitioner in the Missouri Courts relative to Mo.Rev.Stat. § 552.040.

## Discussion

### A.  Petitioner's Request for Relief as to Her Original Judgment is Time-Barred

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that to the extent petitioner is seeking review of her prior finding of incompetency in the Audrain County case (from June of 1999), it is time-barred and subject to dismissal under 28 U.S.C. § 2244(d)(1).

Although the Court is unable to access the records of the Audrain County case on Missouri.Case.Net, the Court presumes that petitioner pled not guilty by reason of insanity (NGRI) in that case. This is the norm when an incompetency determination has been made in a criminal case under Mo.Rev.Stat. § 552.020.11(5) and (6). In such cases, the criminal charge is then dismissed, and there is no criminal conviction to appeal. The entry of a plea of "NGRI" and ensuing commitment can only be reviewed by writ of habeas corpus, filed in the jurisdiction in which the defendant is confined. The question is the jurisdiction of the committing court, as reflected by the whole record, to accept the plea and order commitment. *State v. McKee*, 39 S.W.3d 565 (Mo. Ct. App. 2001). There is no indication that petitioner filed a timely motion for writ of habeas corpus contesting her NGRI plea.

### B.  Petitioner's Request for Conditional or Unconditional Release

To the extent petitioner is seeking either conditional or unconditional relief, her request is subject to dismissal due to her failure to exhaust her available state remedies. Title 28 U.S.C. §

2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in confinement unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here, petitioner does not allege, nor does independent inquiry reveal, that she first applied for release from confinement in the Court that committed him, let alone appealed the denial of that release from commitment to the Missouri Court of Appeals. The Court therefore concludes that petitioner has failed to exhaust her state court remedies, and that the instant petition should therefore be denied and dismissed.

### C. Certificate of Appealability

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** petitioner's motion for leave to proceed in forma pauperis [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 7th  day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE